JAMES F. McKAY III, Judge, Ad Hoc.
hOn May 15, 2002, Felicia Baker injured her back and legs while working for Speedway Super America, LLC (Speedway). As a result of prior litigation Ms. Baker and Speedway entered into two consent judgments signed by the Office of Workers’ Compensation judge on December 11, 2002 and September 5, 2003, respectively. The December 2002 consent judgment contained an agreement whereby Speedway agreed to pay for the “medical evaluation, testing and treatment incurred by the claimant with Dr. Louis Provenza [subject to the utilization review procedures under the Act].... ” In the same consent judgment, the parties further agreed that “Claimant’s future rights are reserved to her for any additional reimbursement for medications, mileage reimbursements and medical treatment deemed necessary by the claimant’s treating physicians which has not been specifically mentioned above.... ” The September 2003 consent judgment contained an agreement by Speedway to approve and pay for specific testing recommended by Dr. Provenza and to approve and pay for consultation and physical therapy with Dr. Robert Beck. The September 2003 consent judgment also contained a reservation of future rights.
|2On March 17, 2005, Ms. Baker filed a disputed claim for compensation and “Motion for Expedited Hearing on Claimant’s Motion Seeking Post Judgment Penalties and an Order Requiring Defendants to Provide Benefits.” At trial, Ms. Baker testified that Frank Gates Service Company, Speedway’s workers’ compensation administrator, set up an arrangement with Ms. Baker’s pharmacy for a drug card but there was a delay of approximately five months in getting Frank Gates to pay her pharmacy bills. At one point she paid about $48.00 out-of-pocket for a prescription but was never reimbursed. Documentary evidence, including correspondence from Dr. Provenza stated a motorized cart was medically necessary. However, a second opinion by Dr. Fong said Ms. Baker would not fulfill the criteria set forth by Medicare for a motorized cart. The court found Ms. Baker to be a credible witness and that the evidence submitted at trial supported her position. The trial court ordered the defendant to pay for the motorized cart. The trial court also awarded Ms. Baker $6,000.00 (plus $48.65 reimbursement) in penalties and $6,000.00 in attorney’s fees for the failure to provide Ms. Baker with the cart, reimburse her for medical bills, and pay her medical bills. The defendant appeals this judgment and the plaintiff has answered the appeal.
On appeal, the defendant raises the following assignments of error: 1) the workers’ compensation judge erred in ordering Speedway to approve and pay for a motorized cart; 2) the workers’ compensation judge erred in awarding penalties and attorney’s fees based upon Speedway’s failure to reasonably controvert the claimant’s entitlement to a motorized cart; 3) the | ^workers’ compensation judge erred in assessing penalties and attorney’s fees against Speedway for their failure to pay the $48.65 out-of-pocket expense; and 4) the worker’s compensation judge erred in assessing penalties and attorney’s fees against Speedway for their delay in paying The Medicine Shoppe bills. Ms. Baker raises the following two assignments of *223 error: 1) under the law, plaintiff-appellee is entitled to judicial interest added to the penalties and attorney fees awarded in the June 9, 2005 judgment; and 2) plaintiff-appellee is entitled to additional attorney’s fees for answering this appeal; and this appellate court generally awards an increase in attorney’s fees when the plaintiffs attorney has filed a timely answer, filed a brief and participated in oral argument before the appellant court.
Where there is proof of an event and of the following disability and need for medical treatment, without a showing of any subsequent intervening cause, it is presumed that the accident/event caused the disability and need for treatment. The burden then shifts to the employer to dispute entitlement. See Housley v. Cerise, 579 So.2d 973 (La.1991). In the instant case, the claimant has proven that a work related accident caused her disability and necessitated medical treatment (including prescriptions and a motorized cart). The defendant is unable to dispute Ms. Baker’s entitlement. As such, the defendant violated La. R.S. 23:1201(E) when they failed to pay Ms. Baker’s medical expenses within sixty days and failed to reasonably controvert her claim for prescription expenses. Violation of La. R.S. 23:1201(E) states that penalties [$50 per day/maximum $2,000] together with reasonable attorneys fees shall be awarded against the employer/carrier |4if they fail to pay any awarded benefits within sixty [60] days after it becomes due unless such nonpayment results from conditions over which the employer had no control. Accordingly, we find no error in the workers’ compensation judge awarding the claimant penalties and attorney’s fees. We also find no error in ordering Speedway to approve and pay for a motorized cart.
The appellant is also ordered to pay the claimant interest on benefits from the date ordered until the date satisfied and on penalties from the date of judicial demand until satisfied. We will not grant interest on attorney’s fees. See Spencer v. Gaylord Container Corp., 96 1230 (La. App. 1 Cir. 3/27/97), 693 So.2d 818. Furthermore, the claimant is awarded an additional $1,500.00 in attorney’s fees for answering this appeal.
For the foregoing reasons, we affirm as amended the judgment of the court below.
AFFIRMED AS AMENDED.